UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    Plaintiff,

    v.

ANTONY BLINKEN, *et al.*,

    Defendants.

Civil Action No. 24-1629 (JEB)

**MEMORANDUM OPINION AND ORDER**

    Plaintiff John Doe is an Afghan man who alleges that he "provided faithful and valuable service to the U.S. government in Afghanistan between the years of 2013 [and] 2020." ECF No. 1 (Compl.), ¶¶ 38–39. When Doe's years of aiding the U.S. and his brother's position within Afghanistan's Presidential Protective Service came to the attention of the Taliban, they labeled Doe an American spy. See ECF No. 2-1 (Declaration of John Doe), ¶¶ 3–8. After fleeing their home — which was visited twice by the Taliban — Plaintiff, his wife, and his four young children bounced around different provinces of Afghanistan, eventually obtaining visas permitting them to enter Pakistan, where Doe currently awaits a Special Immigrant Visa to move to the United States. Id., ¶¶ 7–9. For over a year, his application has been in an indefinite state of "administrative processing." See Compl., ¶ 1. Plaintiff, accordingly, sued Secretary of State Antony Blinken and Secretary of Homeland Security Alejandro Mayorkas, among others, for unreasonably delaying adjudication of his SIV application. Id., ¶ 3.

    Doe and his family's Pakistani visas have since expired, and they are now "without legal status in Pakistan." See ECF No. 2 (Mot.) at ECF p. 5. Because of the looming prospect of

1

deportation back to Afghanistan — where Doe fears he and his family would be tortured and most likely killed, see Doe Decl., ¶ 9 — Plaintiff has moved to proceed under a pseudonym to conceal his identity from Pakistani authorities and the Taliban. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I.   Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

>    (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>    (3) the ages of the persons whose privacy interests are sought to be protected;
>    (4) whether the action is against a governmental or private party; and relatedly,
>    (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this stage, Plaintiff has succeeded in showing that his privacy and safety concerns outweigh the public's presumptive and substantial interest in learning his identity.

The first factor heavily supports granting the Motion. Plaintiff does not seek to proceed under a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). As news outlets have reported, the Pakistani government has announced an initiative to arrest and deport close to two million Afghans residing in the country. See, e.g., Mushtaq Yusufzai & Jennifer Jett, Hundreds of Thousands of Afghan Migrants Face Deportation from Pakistan in Widespread Crackdown, NBC News (Nov. 1, 2023), https://perma.cc/72Y5-NGK3. Given such potential development, Plaintiff's identity is particularly sensitive. Indeed, reporters have also documented efforts by the Taliban to seek out and kill Afghan nationals like Plaintiff — and their family members — who assisted the United States in its war effort. See, e.g., Nell Clark & James Doubek, An Afghan Interpreter Who Helped the U.S. Military Is Now a Target for the Taliban, NPR (Aug. 16, 2021), https://perma.cc/4KDD-HLCH. At bottom, Doe reasonably fears deportation and putting his family in "grave danger," not mere annoyance or criticism. See Mot. at ECF p. 1.

3

For essentially the same reason, the second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiff and (more crucially) to "innocent non-parties" also favors proceeding under a pseudonym.  In re Sealed Case, 971 F.3d at 326 (citation omitted).  The innocent non-parties in this case are Plaintiff's spouse and children, who equally face the aforementioned risks.  See, e.g., Doe v. U.S. Dep't of State, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) ("Allowing Doe to file pseudonymously will help to conceal his work with the U.S.-led reconstruction efforts [in Iraq] and protect his wife and minor child from the anti-U.S. insurgents . . . .").

The third-factor analysis is similar.  Although Plaintiff does not claim to be a minor himself, to the extent that revealing his identity would also reveal the identities of his minor children, see Compl., ¶ 44, proceeding pseudonymously would be appropriate.  See Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Kerry, No. 15-300 (D.D.C. Feb. 26, 2015), ECF No. 2 at 2 (noting "risk of harm to [plaintiffs'] minor children if the identities of the plaintiffs are publicly disclosed").

The fourth factor is no different.  To be sure, "[t]here is a heightened public interest when an individual or entity files a suit against the government," particularly in a manner that may "alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward."  In re Sealed Case, 971 F.3d at 329.  In the past, the Court has sometimes taken this broad language to mean that nearly any suit against the Government flunks the fourth factor.  See, e.g., Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (factor counseled against pseudonymity because "although the suit challenges the denial of a specific set of parole applications, it implicates the more broadly applicable Administrative Procedure Act").  In recognition of the fact that such a reading of In re

4

Sealed Case would mean that this factor always disfavors a plaintiff seeking the cover of pseudonymity, however, see Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66–67 (D.D.C. 2019) (factor disfavors pseudonymity when defendant is private individual), the Court has not always hewed to it.  See, e.g., Doe v. ICE, No. 24-617, ECF No. 9 at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "Plaintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request"); T.F. v. Dist. of Columbia, No. 23-3612, ECF No. 4 at 4 (D.D.C. Dec. 7, 2023) (similar where "Plaintiff seeks to vindicate merely his individual right to a Free and Appropriate Public Education under IDEA") (cleaned up).  Moving forward, the most sensible approach in cases against governmental defendants is to tie the factor's outcome to the nature of the relief sought.  When a plaintiff requests individualized relief against a government defendant — as here, where Doe challenges a year-long delay in adjudicating his SIV application, see Compl., ¶ 49 — the fourth factor favors pseudonymity.

Fifth and finally, the Government would suffer no "risk of unfairness" if the Motion were granted.  In re Sealed Case, 971 F.3d at 326 n.1.  Plaintiff has already filed a declaration that contains his true name.  See Doe Decl., ¶ 1.  And his identity is also known to Defendants in connection with his SIV application.  See, e.g., ECF No. 1-1 (Letter from Chief of Mission Approval for Afghanistan Special Immigrant Visa Status); see also Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Pompeo, No. 18-1388 (D.D.C. June 12, 2018), ECF No. 7 at 6 (raising a similar point).

In sum, all factors weigh in favor of granting the Motion to proceed pseudonymously.  That lopsided balance resolves the matter in Plaintiff's favor, at least on the current record.

The Court accordingly ORDERS that:

1. Plaintiff's Motion for Leave to File Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonym listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file a pseudonymous version of his Motion and any attachments on the public docket.

/s/ *James E. Boasberg*<br>
JAMES E. BOASBERG<br>
Chief Judge

Date: June 11, 2024